Dismissed and Memorandum Opinion filed January 8, 2009








Dismissed
and Memorandum Opinion filed January 8, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00980-CV

____________

 

MARY A. ROBINSON, Independent
Executrix of the Estate of JOHN M. ROBINSON, Deceased, Appellant

 

v.

 

ROBERT DOGGETT, PAUL DOGGETT, and
FLORENCE POLLARD, Appellees

 



 

On Appeal from the
Probate Court No. 1

Harris County, Texas

Trial Court Cause No.
379, 193

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed April
18, 2008, and a July 10, 2008, order striking appellant=s intervention. 
Appellant was not a party to the underlying case, but filed a post-judgment
plea in intervention as well as a motion for new trial on May 19, 2008.  On
July 10, 2008, the trial court issued an order, granting appellee=s motion to strike
the intervention.  Appellant=s notice of restricted appeal was filed on
October 17, 2008. 








Appellees have filed a motion to dismiss, claiming that
appellant is not entitled to a restricted appeal because appellant filed a
timely motion for new trial.  Appellant has responded to this motion.[1] 
We agree with appellees that we have no jurisdiction in this appeal.

A restricted appeal is available to a party who did not
participate, either in person or through counsel, in the hearing that resulted
in the judgment being appealed, and who did not timely file a post-judgment
motion or a request for findings and conclusions or a timely notice of appeal
under Rule 26.1.  See Tex. R.
App. P. 30.  If an appellant meets the criteria in Rule 30, that party
may file a notice of restricted appeal within six months after the judgment is
signed.  See id.; Tex. R. App. P.
26.1(c).  In this case, the clerk=s record shows
that appellant filed a timely, but unverified motion for new trial on May 19,
2008.  

Appellant claims the motion for new trial was unverified
and, because it was required to be verified, it is a nullity that does not
prevent her from filing a restricted appeal. We need not determine whether
verification of the motion for new trial was required because there is another
basis for concluding that appellant is not entitled to bring a restricted
appeal.  A restricted appeal is available to Aa party who
did not participateBeither in person or through counselBin the hearing
that resulted in the judgment . . . .@  Tex. R. App. P. 30.  Because Rule 30
only applies to parties who did not participate in the hearing that resulted in
the judgment and appellant was not a party to the underlying case or judgment,
she is not entitled to bring a restricted appeal from the April 18th judgment.








Appellant=s notice of appeal also states that
appellant desires to challenge the July 18th order striking appellant=s intervention. 
This post-judgment order is appealable; however, the notice of appeal was not
timely filed.  Appellant filed no motion for new trial after this order was
July 18th order signed and thus, the deadline for perfecting appeal from this
order was not extended.  See Tex.
R. App. P. 26.1(a).  The notice of appeal should have been filed within
thirty days of the signing of the July 18th order.  Appellant did not file her
notice of appeal until October 17th, ninety-one days after the appealable order
was signed. 

Rather than filing a regular appeal, appellant filed a
notice of restricted appeal.  As previously discussed, a restricted appeal is
available to a party who did not participate, either in person or through
counsel, in the hearing that resulted in the judgment being appealed, and who
did not timely file a post-judgment motion or a request for findings and
conclusions or a timely notice of appeal under Rule 26.1.  See Tex. R. App. P. 30.  If an appellant
meets the criteria in Rule 30, that party may file a notice of restricted
appeal within six months after the judgment is signed.  See id.; Tex. R. App. P. 26.1(c).  

Appellant was a party to the intervention and she
participated in the hearing that resulted in the order striking the
intervention.  The order signed July 18, 2008, states that all parties appeared
through counsel at the hearing on the motion to strike the intervention. 
Because appellant participated in the hearing that resulted in the appealable
order of July 18, 2008, appellant is not entitled to file a notice of
restricted appeal from the order signed July 18th.

Accordingly, the appeal is ordered dismissed for lack of
jurisdiction.

PER CURIAM

 

Panel consists of Justices Yates,
Guzman, and Sullivan.









[1]  Appellant responds to this argument by pointing to statements appellees
made to the trial judge that appellant=s motion for new trial was untimely.  Whether appellees
incorrectly advised the trial judge that appellant=s motion for new trial was untimely
is irrelevant if the clerk=s record shows the motion was timely.  Indeed, appellees have filed a
reply to appellant=s response and contend that when
they advised the trial judge the motion was untimely, they were referring to
the amended motion, not the original motion for new trial.  In any event, it
does not matter whether one party made an argument about untimeliness in the
trial court.  We determine jurisdiction based on the record, not on what a
party stated to the trial judge.  See
Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443B44 (Tex. 1993) (holding that subject-matter jurisdiction cannot be
waived by parties).